IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 23-CR-1032 |
| Plaintiff, | ) | **INFORMATION** |
| vs. | ) | **Count 1** |
| ELAINA CHARLENE PFIFFNER, | ) | 21 U.S.C. § 846<br>Conspiracy to Distribute a<br>Controlled Substance Near a<br>Protected Location |
| Defendant. | ) | **Forfeiture Allegation** |

The United States Attorney charges:

## Count 1

**Conspiracy to Distribute a Controlled Substance Near a Protected Location**

Between on or about January 2017 and continuing to on or about April 19, 2021, in the Northern District of Iowa, defendant ELAINA CHARLENE PFIFFNER did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance within 1,000 feet of a school, college or university, specifically University of Dubuque and Loras College, and Madison Park, Jackson Park and Gay Park, public playgrounds in Dubuque, Iowa.

This was in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 860(a) and 846.

## Drug Related Forfeiture Allegation

1. The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, ELAINA CHARLENE PFIFFNER, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including, but not limited to the following:

    a. $3,323 in United States Currency seized on April 16, 2021

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

TIMOTHY T. DUAX
United States Attorney

By: /s/ *Patrick J. Reinert*

PATRICK J. REINERT
Assistant United States Attorney